UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WAYNE M. LAUTENBACH, and
WAYNE LOGCRAFTERS, L.L.P.

        Plaintiffs,

   v.                                                  Case No. 12-C-83

TOWN OF LIBERTY GROVE,
WALTER KALMS,
WILLIAM CASEY, and
JOHN LOWRY

        Defendants.

**DECISION AND ORDER**

Plaintiff Wayne M. Lautenbach and Wayne Logcrafters, L.L.P. (hereinafter "Logcrafters"), a limited partnership of which Lautenbach is the sole partner, filed this action against the Town of Liberty Grove, which is located in Door County, Wisconsin, and several Town officials alleging a taking of property owned by Logcrafters without payment of just compensation in violation of the Fifth Amendment, as incorporated into the Fourteenth Amendment, of the United States Constitution and Article 1, Section 13 of the Wisconsin Constitution. The complaint also sets forth a claim under the Equal Protection Clause of the Fourteenth Amendment, and a state law claim for intentional interference with "economic interest or contract." Federal jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1343 and 1367. The case is presently before the court on the defendants' motion to dismiss pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure for lack

of jurisdiction or failure to state a claim. For the reasons discussed herein, Defendants' motion will be granted.

A. PLEADING STANDARDS

A motion to dismiss under Rule 12(b)(1) challenges the jurisdiction of this Court over the subject matter related in the complaint. *See* Fed. R. Civ. P. 12(b)(1). In reviewing the plaintiff's complaint in regard to any motion to dismiss, all well-pleaded facts are assumed to be true, and all such facts, as well as the reasonable inferences therefrom, are viewed in the light most favorable to the plaintiff. *Gutierrez v. Peters*, 111 F.3d 1364, 1368-69 (7th Cir. 1997). A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.*" Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*,

2

550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

## B. ALLEGATIONS OF THE COMPLAINT

The complaint in this case alleges that Lautenbach and Logcrafters purchased a parcel of land in the Town in 2007 with the intent to use it for recreational purposes, building a home on it, and conducting timbering operations pursuant to a Wisconsin forest management program. (Compl. ¶ 14.) At the time of the purchase, the land was accessible by way of the Old Stage Lane right of way that had been in existence since May 4, 1898. (*Id.* ¶ 16.) In March 2008, Lautenbach submitted an "Affidavit and Application to Town of Liberty Grove for Laying Out a Highway to Landlocked Property." (*Id.* ¶ 18.) Although it initially entered an order opening the additional portion of the right of way needed to access the property for travel, the Town later rescinded the order based upon objections by the Door County Planning Department, the Wisconsin Department of Natural Resources (DNR), and the United States Army Corps of Engineers, and the costs of compliance with environmental regulations governing wetlands. (*Id.*, ¶ 23; Ex. E.) Lautenbach was given permission to use the right of way to remove timber from the property in the winter months when the ground was frozen, but this permission was apparently later withdrawn in March of 2010 when the Town notified the plaintiffs of its intent to close the Old Stage Coach right of way to the property. In May, the Town set up barricades that barred access. (*Id.* ¶¶ 22-24.) Lautenbach was later given a citation for removing the barricades so he could remove wood that had been previously cut even though the sheriff had given him permission to do so. (*Id.* ¶¶ 28-32.)

3

It is on the basis of these factual allegations that the plaintiffs assert their various federal and state law claims.

## C. ANALYSIS

### 1. Unconstitutional Takings Claim

Plaintiffs' claim that the defendants' actions amount to an unconstitutional taking of Logcrafter's property in violation of the Fourteenth Amendment is fatally undermined by *Williamson County Regional Planning Commission v. Hamilton Bank*, 473 U.S. 172 (1985). *Williamson* held that a claim that a governmental entity has taken property without just compensation is not ripe until the governmental entity whose action is alleged to have resulted in the taking has reached a final decision regarding the regulation or action at issue. *Id.* at 186-87. Until a final decision is made, it is impossible to determine what just compensation might be. *Id*. at 191 ("Accordingly, until the Commission determines that no variances will be granted, it is impossible for the jury to find, on this record, whether respondent "will be unable to derive economic benefit" from the land."). Where an issue is not ripe for review, the court lacks subject matter jurisdiction. *Flying J Inc. v. City of New Haven*, 549 F.3d 538, 544 (7th Cir. 2008).

*Williamson* further held that even after a final decision has been reached, such a claim is still not ripe until the property owner has sought compensation through the procedures that the State has provided for doing so. *Id.* at 194. The Fifth Amendment, the Court observed, "does not proscribe the taking of property; it proscribes taking without just compensation." *Id.* "Nor does the Fifth Amendment require that just compensation be paid in advance of, or contemporaneously with, the taking . . . ." *Id.* It only requires that a reasonable procedure for obtaining just compensation exist

4

at the time of the taking. Until the property owner who alleges his property has been availed himself of the process for obtaining compensation, his takings claim is premature. "[I]f a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation." *Id.* at 195. *See also Gamble v. Eau Claire County*, 5 F.3d 285, 286 (7th Cir. 1993) ("But since the right protected by the duty of just compensation is not to the land or its use but merely to the market value of what is taken, the landowner cannot complain that his constitutional right has been denied until he exhausts his remedies for obtaining a compensation award or equivalent relief from the state."); *Wisconsin Cent. Ltd. v. Pub. Serv. Comm'n of Wisconsin*, 95 F.3d 1359, 1368 (7th Cir.1996) ("In takings cases involving a physical invasion . . . , the plaintiff must exhaust available state judicial remedies for just compensation as a prerequisite to a lawsuit in an article III court."). A federal court has subject matter jurisdiction over only those takings claims for which both the "final decision" requirement and the "exhaustion" requirement are satisfied or otherwise excused. *Greenfield Mills, Inc. v. Macklin*, 361 F.3d 934, 957-58 (7th Cir. 2004).

Here, it would appear that the plaintiffs' taking claim satisfies only the "final decision" requirement. Although judicial review of the Town's decision remained available, *see* Wis. Stat. § 82.15; *Tagatz v. Township of Crystal Lake,* 2001 WI App 80, 243 Wis.2d 108, 626 N.W.2d 23, *Williamson* suggests that the plaintiffs would not be required to seek such review before bringing their § 1983 action. 473 U.S. 193 ("Similarly, respondent would not be required to appeal the Commission's rejection of the preliminary plat to the Board of Zoning Appeals [before bringing its action], because the Board was empowered, at most, to review that rejection, not to participate in the Commission's decisionmaking."). The Town, it appears, had reached a final decision, and while

5

the plaintiffs could seek review, the court would have a limited, deferential scope of review. It could not substitute its decision for the Town's. Accordingly, the final decision requirement is met.

It is clear, however, that the plaintiffs have failed to satisfy the "exhaustion" requirement as it pertains to state procedures for obtaining compensation. This follows from the fact that the plaintiffs did not file an action for inverse condemnation under Section 32.10 of the Wisconsin Statutes. *See Gamble*, 5 F.3d at 286. The plaintiffs argue that Wisconsin's inverse condemnation procedure was not available because it is limited to entries upon property and the Town did not enter upon their property. The plaintiffs are mistaken. Wisconsin's inverse condemnation procedure extends to denial of access to property even when there is no entry upon the property. *See McKenna v. State Highway Commission*, 28 Wis.2d 179, 184, 135 N.W.2d 827, 830 (1965) ("This is not to say, however, that there can be no taking unless there is a physical occupation, for as we have previously indicated a deprivation of all access would constitute a compensable taking.") (citing *Stefan Auto Body v. State Highway Comm.*, 21 Wis.2d 363, 368, 124 N.W.2d 319 (1963)); *see also E-L Enterprises, Inc. v. Milwaukee Metropolitan Sewage District,* 2010 WI 58, ¶ 37, 326 Wis. 2d 82, 785 N.W. 2d 409 ("[U]nder this court's jurisprudence, in order to state a claim of inverse condemnation under § 32.10, the facts alleged must show either that there was an actual physical occupation by the condemning authority or that a government imposed restriction deprived the owner of all, or substantially all, of the beneficial use of his property."). Since Wisconsin law offers a procedure for obtaining just compensation for such a taking, and plaintiffs have not availed themselves of that procedure, *Williamson* mandates the conclusion that their claim that the Town has taken their property without such compensation is not ripe for federal review.

6

Case 1:12-cv-00083-WCG   Filed 08/06/12   Page 6 of 10   Document 14

Plaintiffs also argue that *Williamson* does not apply because "this is not a land use case or a physical invasion case." (Mem. In Opp., ECF No. 10, at 1.) Instead, plaintiffs argue, "this case is about a pure taking of property by intentional acts taken by the Town of Liberty and town officials to deny access to the Plaintiffs' property." (*Id.*) But neither *Williamson*, nor any of the cases cited by the plaintiffs, draw any principled distinction between taking claims predicated on land use restrictions, physical invasion of the property, or denial of access. The plaintiffs fail to offer any reason why such a distinction would make sense. They offer no reason that would justify disregarding *Williamson*'s requirement that before a land owner complains to a federal court about the taking of his property without just compensation, he must first avail himself of the procedures available to him under state law to obtain such compensation. It thus follows that the takings claim is not ripe and subject matter jurisdiction is lacking. Accordingly, the claim must be dismissed.

**2. Equal Protection Claim**

Plaintiffs also attempt to bring an equal protection action against the defendants. The Seventh Circuit has held that plaintiffs cannot avoid *Williamson* by clothing a takings claim in other garments. *Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000) (citing *River Park, Inc. v. City of Highland Park*, 23 F.3d 164, 167 (7th Cir. 1994) ("Labels do not matter. A person contending that state or local regulation of the use of land has gone overboard must repair to state court"). The Seventh Circuit has explicitly stated that whether plaintiff labels his claim as an equal protection claim or takings claim, that claim is subject to the ripeness standards established in *Williamson*. *Patel v. City of Chicago*, 383 F.3d 569, 570 (7th Cir. 2004). "This Circuit has read Williamson broadly, rejecting attempts to label "takings" claims as 'equal protection' claims and thus requiring 'ripeness.'" *Forseth,* 199 F.3d at 370. This is not to say that there might not be an

7

equal protection claim at all; it merely means that such a claim is not ripe until the plaintiff has availed himself of state process that is available. That is, any violation of equal protection is not "complete" until the state process has failed to remedy it.

An exception exists when the claim alleges a "spiteful effort to 'get' [plaintiff] for reasons wholly unrelated to any legitimate state objective." *Esmail v. Macrane,* 53 F.3d 176, 180 (7th Cir. 1995). Such a claim is not merely a takings claim masquerading under another guise but a *bona fide* equal protection claim within the heartland of traditional equal protection jurisprudence. For example, in *Forseth,* the Plaintiffs alleged that "the Defendants, through the actions of the Board President and Village Administrator, acted 'maliciously' in conditioning the plat approval on the conveyance of the buffer strip as well in failing to prevent the storm water run-off on their property." 191 F.3d at 371. There, the plaintiff alleged that village officials "demanded and received significant personal pecuniary gain by the abuse of [their] governmental authority." *Id.*

Here, there is no such allegation. The complaint merely states that certain Town officials closed a right-of-way that had been open for 100 years. The only hint of their motivation is Plaintiffs' belief that "the Town is working with the Nature Conservancy of Wisconsin to develop an area within the Town as a natural conservancy and it is the specific intent of the Town to deny the Plaintiff any use of this property to devalue the property in an attempt to acquire the property at a substantially discounted value." (Compl. ¶ 75.) The more likely explanation is the substantial cost of compliance with the environmental regulations referenced in the Town's resolution rescinding its order granting Lautenberg's initial application. (Compl., Ex. F.) In any event, there is no allegation, or even suggestion of an allegation, sufficient to state a "class of one" equal protection claim of the sort recognized by the Court in *Village of Willowbrook v. Olech*, 528 U.S.

8

562 (2000). The claim asserted by the plaintiffs passes none of the several tests proposed for such claims in *Del Marcelle v. Brown County Corp.*, 680 F.3d 887 (7th Cir. 2012) (en banc). I conclude that this is a classic Takings claim, not an equal protection claim. Accordingly, the requirements of *Williamson* apply and, as explained above, under that test it fails.

### 3. State Law Claims

This Court had supplemental jurisdiction over Plaintiffs' contract and state Takings claim because they were "related" to the takings claim pursuant to the Fifth Amendment, and the claims formed "part of the same case or controversy under Article III . . ." 28 U.S.C. § 1367(a). Having disposed of the two federal claims, the court must now decide whether to retain jurisdiction over the two state law claims. A court has discretion to decline supplemental jurisdiction to hear state claims. 28 U.S.C. § 1367(c)(3). "[T]he general rule is that, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits." *Wright v. Associated Ins. Cos. Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994). A court may hear state law claims after considering "judicial economy, convenience and fairness to litigants." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). Here, however, it would not make sense to proceed with state law claims, particularly a state constitutional claim, when I have ruled above that the Plaintiffs must bring their other claims in state court. The state law claims will be dismissed without prejudice.

### D. Conclusion

The Defendants have shown that Plaintiffs lack subject matter jurisdiction for the federal Takings claim and Equal Protection claim. The Court declines to hear the state law claims.

9

Therefore, Defendant's motion to dismiss is granted. The Clerk is directed to enter judgment in favor of the defendants and against the plaintiffs dismissing all claims without prejudice.

**SO ORDERED** this   6th   day of August, 2012.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge